IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE L. JOHNSON, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL CASE NO. |
| v. : | 1:10-cv-02327-TWT-RGV |
| : | |
| SGD NORTH AMERICA, et al., : | |
| : | |
| Defendants. : | |

**MAGISTRATE JUDGE'S FINAL ORDER,
REPORT, AND RECOMMENDATION**

Plaintiff Willie L. Johnson, proceeding *pro se*, seeks to file this Title VII employment discrimination complaint without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 1]. After consideration by the Court of the affidavit of indigency, it is **ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, the Court must also determine whether plaintiff's proposed complaint is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989). For the following reason, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**.

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Nietzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). However, because plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

On June 9, 2008, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and on June 30, 2009, the EEOC issued a Notice of Right to Sue letter ("right-to-sue letter"), advising plaintiff he had 90 days from receipt of that notice within which to file a lawsuit under Title VII. [Doc. 1-2 at 8]. The EEOC mailed, and plaintiff received the right-to-sue letter in August of 2009. [Doc. 1-2 at 13, 20, 22, 23]. Due to the EEOC's delay of nearly a

month in mailing the right-to-sue letter,[1] and its alleged failure to fully investigate his case, plaintiff filed a grievance with the EEOC, and conducted his own independent investigation with the assistance of Bishop E.E. Lattimore, a Civil Rights Advocate. See [Doc. 1-2 at 13-17, 20-23]. On July 26, 2010, plaintiff filed this action alleging race discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. [Doc. 1-2 at 1- 6].

A plaintiff proceeding under Title VII must file a civil action in the appropriate district court within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Marshal v. City Sch. Bd. of City of Selma, Ala., Civil Action No. 08-0464-KD-B, 2008 WL 5188804, at *3 (S.D. Ala. Dec. 10, 2008), adopted at *1 (dismissing plaintiff's Title VII claim filed 91 days after plaintiff acknowledged receiving his Right-to-sue letter). See also Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (per curiam) ("Title VII . . . actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."); White v. Ga. Dep't of Motor Vehicle Safety, Civil Action File No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *2 (N.D. Ga. May 19, 2006), adopted at *1.

---

[1] The right-to-sue letter shows a "Date Mailed" of June 30, 2009. [Doc. 1-2 at 8]. However, documents attached to plaintiff's filing associated with his EEOC grievance show that the letter was postmarked on August 4, 2009. [Doc. 1-2 at 13, 20, 22, 23].

"This [90 day filing] requirement applies to *pro se* [p]laintiffs." Cannady v. Automatic Data Processing, Inc., No. 1:05-cv-2855-WSD, 2006 WL 3422424, at *9 (N.D. Ga. Nov. 28, 2006). The limitations period commences upon the claimant's receipt of the right-to-sue letter. Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991); Norris v. Fla. Dep't of Health & Rehab. Servs., 730 F.2d 682, 682 (11th Cir. 1984) (per curiam); Chapman v. Travalco, U.S.A., Inc., 973 F. Supp. 1045, 1046 (S.D. Fla. 1997).

Here, documents attached to plaintiff's complaint show that the right-to-sue letter was postmarked in August of 2009, and that plaintiff had received the right-to-sue letter at the very latest by January 20, 2010, which was the earliest date of correspondence sent by Bishop E.E. Lattimore on plaintiff's behalf referring to the August 2009 postmark. [Doc. 1-2 at 13]. Even if plaintiff had not received the right-to-sue letter until January 20, 2010, he would have had to have filed his Title VII claim by April 20, 2010, 90 days from January 20, 2010. Regardless of whether plaintiff may have had a meritorious claim, the filing of his Title VII complaint in this Court on July 26, 2010, is untimely, and this action is therefore barred as a matter of law. 42 U.S.C. § 2000e-5(f)(1); Santini, 232 F.3d at 825; Marshal, 2008 WL 5188804, at *3.

Furthermore, plaintiff has no grounds to invoke the doctrine of equitable tolling since he received the right-to-sue letter, took action with the EEOC after

receipt, and yet failed to file his claim within the 90 day statutory period. Santini, 232 F.3d at 825 ("actual notice destroys any possible basis for applying the equitable tolling doctrine") (quoting Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir. 1988) (per curiam)) (internal marks omitted); Norris, 730 F.2d at 682. Consequently, plaintiff cannot state a viable Title VII claim, and his complaint is due to be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2)(B); Nietzke, 490 U.S. at 327; Bilal, 251 F.3d at 1349. See also Brown v. John Deere Product, Inc., No. CV 110-107, 2010 WL 4180730 (S.D. Ga. Sept. 14, 2010), adopted by 2010 WL 4180721 (S.D. Ga. Oct. 20, 2010) (dismissing as frivolous plaintiff's Title VII claim where plaintiff failed to file complaint within 90 days of receiving EEOC right-to-sue letter).

For the foregoing reasons, plaintiff's request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**, but it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED**, this 12th day of November, 2010.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE